## BALTIMORE CITY COURT.

Filed February 2, 1914.

CANTON COMPANY OF BAL-
TIMORE
VS.
MAYOR AND CITY COUNCIL OF
BALTIMORE.

*R. E. Lee Marshall* and *John G. Schilpp* for Canton Company of Balti-more.

*Robert F. Leach, Jr.,* and *Benjamin H. McKindless* for Mayor and City Counsel of Baltimore.

GORTER, J.—

I think under the cases in Maryland there has been a dedication by the deed of 1846, either alone, or in con-nection with the plat of 1845, and, as I said before the argument, I thought the whole question in the case turned upon whether or not the city was estopped from accepting that dedica-tion, and I have reached the conclu-sion that it is. The deed upon which it is claimed that dedication was made dated back to 1846, sixty-eight years ago. This is a very long time. Since that time the city has greatly changed. Its population has certainly increased from one hundred and fifty thousand to seven hundred thousand people. All during that time this property has been left in the hands of the petitioner. From 1876 certainly, and maybe from the beginning, the petitioner has paid taxes on the property. In 1896 it was all the property that the petitioner had left south of Boston street, and it was specifically assessed and taxed. From 1874 the evidence shows that it has been in the possession of the Canton Company, the petitioner, first leased to McCosker as a shipyard; then for sev-eral years in the possession of the company, not leased, having one tenant part of that time in the coal business, and after that, from 1901 to 1912, it was leased to Rohde as a shipyard. A fence was put up along Boston street in 1883 with gates. Therefore it seems to me that it would not be just and fair, after as long a period as sixty-eight years, for the city, after the property had at one time been of little or no value and now having en-hanced in value, and after waiting all that time, to now come and take this property and say that it should pay nothing for it.

While time alone may not be suffi-cient to work an estoppel, it seems to me that time and adverse possession, fencing in, and allowing conditions en-tirely to change, is sufficient, and for the city to depend upon a dedication so far back that it was before the law of dedication by implied covenant was first expressed in Maryland, ahead even of Flannigan's case, in my mind, does not seem consonant with fairness and justice   Probably when the lines along the streets were called there was no actual intention to dedicate.

In view of all these facts and cir-cumstance I have written an instruc-tion that I think meets the question, and after I have read the instruction and passed on your exceptions thereto, if you have any, I will assess the dam-ages.

The following which I have prepared is the Court's instruction, and is as follows:

The Court declares the law, that notwithstanding the Court finds there was a dedication of the property in controversy by the deed from the Can-ton Company to Munson in 1846 and the plat of 1845, still, if the Court, sit-ting as a jury, shall find from the evi-dence that taxes were assessed upon and against the property in controver-sy, and were paid by the petitioner during the times mentioned in the evi-dence, viz: from 1876 to the * * * present time and shall further find that from the year 1874 to the year 1896, the premises in controversy were occupied by a tenant of the petitioner, in the manner testified to by the wit-ness McCosker, and shall further find that from 1896 to 1901, the said prem-ises were in the possession of the pe-titioner as owner thereof, and shall further find that from 1901 to the year 1912 the said premises were occupied by a tenant of the petitioner, in the manner testified to by the witness Rohde, and shall further find that in or about the year 1883, the premises were enclosed by a fence along Bos-

ton street, having gates in it, and that said premises from the time of the erection of said fence to the present time, have been occupied by tenants or agents of the petitioner, and the said gates have been until recently opened by the permission of the petitioner, or its tenants or agents, respectively, or for the prosecution of its or their business, and that said occupation by the petitioner and its tenants has been open, notorious, exclusive and adversary from 1874 to the commencement of the proceedings in this case, against the defendant and every other person, and if the court, sitting as the jury, finds that the purposes of right and justice require, then it may find that the defendant is estopped from asserting any rights to said property, and the petitioner is entitled to substantial damages.